## LAWSON, AS ADM., *vs.* FISCHER.

Where an administrator is substituted as plaintiff, in an action commenced by his intestate, and the defendant afterwards pleads set-off, of moneys due, &c., from "the plaintiff," this can only be regarded as a claim against the plaintiff, in his individual character, and constitutes no bar to the action.

Under the issue formed on such a plea, evidence of indebtedness of the *intestate* to the defendant, is not admissible.

THIS was an action of assumpsit, determined in the Pulaski Circuit Court, in September, 1842, before the Hon. JOHN J. CLENDENIN, one of the circuit judges. Mathias Illium sued Henry Fischer, on notes and the common counts, but died before any appearance was entered, or plea filed, on the part of the defendant, and the suit was revived, in the name of Lawson, as his administrator. After the suit had been thus revived, the defendant filed his plea of set-off, alleging "that the said plaintiff, before and at the time of the commencement of this suit, to wit, at the county aforesaid, was, and still is, indebted to him, the said defendant, in a large sum of money, to wit: "the sum of $278 63 cents, for work and labor done and performed; goods, wares, and merchandise, sold and delivered; money lent and advanced, paid,

Lawson, as Adm., *vs.* Fischer.

laid out, and expended, and had and received; an account stated, for boarding the plaintiff; and for sundries, furnished the said plaintiff by the said defendant, before that time, at his request;" and concluding as follows, viz: " which said sum of money, so due and owing from the said plaintiff to the said defendant, as aforesaid, exceeds the damages sustained by the said plaintiff, by reason of the non-per-performance by him, the said defendant, of the said several supposed promises and undertakings in the said declaration mentioned, and out of which said sum of money, so due and owing from the said plaintiff to the said defendant, he, the said defendant, is ready and willing, and hereby offers, to set off and allow, to the said plaintiff, the full amount of the said damages, according to the form of the statute, in such cases made and provided," concluding with a verification. To this plea, there was a general replication and issue. The demand of the plaintiff being fully admitted or proven, the defendant, on the trial, adduced testimony establishing, or at least conducing to prove, the several items of an account in his favor, against the intestate of the plaintiff, amounting, in the aggregate, to the sum mentioned in the plea. This testimony the plaintiff moved the Court to exclude, because it varied from, and did not support, the allegations of the plea; but the Court refused to exclude it, found the issue in favor of the defendant, and gave judgment in his favor, for the whole demand claimed by him as a set-off, except $5, which was sufficiently large, not only to bar the plaintiff's demand, but leave, in favor of the defendant, a balance of $51 03, which was adjudged against the plaintiff. The case came up by writ of error.

*Cummins,* for plaintiff in error. The judgment in the court below being against Lawson, in his private capacity, is clearly wrong. There could only have been a judgment against him in his representative character, with an order for execution, to be levied of the goods, &c., of the deceased. *Waldsmith vs. Waldsmith, Wilcox's Con. Ohio Rep.* 298. 1 *Saund. Rep.* 335. *Hancock vs. Prowd, note* 10, *Com. Dig.* 5. *Tit. Pl.* (2 *D.* 15) 571 *et seq.* 1 *Roll.* 933. *L.* 15.

The plea was inadmissible, and the issue formed thereon immaterial, since it does not charge Lawson in his official capacity; (2 *W. Bl.*

*Rep.* 910. 2 *Esp. Rep.* 560 569. *Brown vs. Hicks*, 1 *Ark. Rep.* 232. *Watkins vs. McDonald*, 3 *Ark. Rep.* 266. 1 *Ch. Pl.* 558. 3 *Atk.* 691,) and the same should have been disregarded, on giving judgment. 2 *Tidd's Pr.* 828, 830.

The Court also erred in refusing to exclude the evidence, on motion, as it did not sustain the allegations, as the above authorities show.

*E. L. Johnson,* contra.

*By the Court,* RINGO, C. J. Several errors have been assigned, but those principally relied on are: first, that the issue joined is immaterial; and, second, that the Court erred in refusing to exclude the testimony adduced by the defendant to establish the demand mentioned in his plea, on the ground of a variance between them. In respect to the first ground of objection, we deem it unnecessary to say more than that, in our opinion, the plea was no answer to, or defence in bar of, the action. The demand sued for was due to the plaintiff in his fiduciary or representative character, only. He could maintain no action upon it, in his own right. The plea shows an indebtedness, on the part of the plaintiff, in his own right, to the defendant, and insists upon this indebtedness as constituting a good bar to the action. The language of the plea is, in this respect, too plain to admit of any other construction. It is, therefore, an attempt to set off the individual debt of the administrator against a demand which the defendant owed to the plaintiff's intestate, in his lifetime, and to which the plaintiff has acceded, and is entitled only as his administrator. Consequently, the pleadings fail to show such a mutuality of indebtedness between the parties as, according to the provisions of our statute admitting certain demands to be set off, authorizes the one to be set off, or pleaded in bar of, the other.

If the conclusion to which we have come, in respect to the plea, be correct, there can be no doubt but that the whole of the testimony adduced by the defendant, was irrelevant to the issue formed upon his plea, and therefore ought to have been excluded by the Court, on the motion of the plaintiff. The rule being inflexible, that the *allegata et*

*probata*, must correspond. Here the issue was, as to whether the plaintiff, in his own right, was indebted to the defendant. The testimony adduced neither proved, nor conduced to prove, such liability, but every portion of it tended to establish an indebtedness on the part of the plaintiff's intestate, in his lifetime, to the defendant—a fact in nowise put in issue, or controverted by the pleadings.

We are, therefore, of the opinion, that the Court erred in refusing to exclude the testimony adduced by the defendant, on the trial of the issue in this case, made up by the parties, the same varying therefrom, and being wholly irrelevant thereto; and also, in finding said issue in favor of the defendant, and thereupon pronouncing final judgment in his favor, against the plaintiff.

Judgment reversed.